PERRY
*vs.*
HENSLEY.

---

## Perry *vs.* Hensley.

Case 19,

ERROR TO MORGAN CIRCUIT.

14bm 474
f129   192

1. Where property is levied upon by an officer which is exempt by statute from execution, without the assent of the defendant, and a delivery bond is given, it is not obligatory, and the chancellor will relieve against it.

2. The execution of a delivery bond, under the coercion of the officer who has made an illegal levy on property, is not a recognition of the right to levy, nor a waiver of the illegality of the levy.

Judge SIMPSON delivered the opinion of the court.

The only question in this case is, can a surety in a forthcoming or delivery bond apply to a court of equity for relief, on the ground that the property on which the execution had been levied, and for the delivery of which the forthcoming bond had been executed, was the only work beast that belonged to the defendant in the execution, who was a *bona fide* house-keeper at the time the execution issued, and the levy was made?

As the property levied on was not subject to execution, unless the defendant waived his legal right to its exemption, of which there was no evidence, the plaintiffs in the execution have not sustained any injury by the failure of the defendant to deliver the property, according to the stipulations in his bond. And as the levy was illegal, and the forthcoming bond was taken to carry into effect this illegal act, it would be inconsistent with every principle of justice and equity, to permit the plaintiffs to avail themselves of a legal advantage thus improperly and illegally obtained, and compel the surety in the bond to pay the debt.

In opposition to the relief prayed for by the surety it is argued, that as he entered into the bond voluntarily, and permitted a forfeiture of it to occur, by a failure to have the property delivered, whereby he became liable for the debt; that he cannot claim the aid of a court of equity to release him from his own voluntary undertaking ; and that the execution of the bond was a virtual admission that the property was liable to execution.

This argument is evidently fallacious. Although the bond was entered into voluntarily by the obligors, yet the necessity for its execution was produced by an illegal act, and therefore its execution may with propriety, be said to have been induced by legal coercion. Besides, as the property levied on was not subject to execution, the bond is not founded on any consideration either good or valuable. Its execution under the

PERRY
*vs.*
HENSLEY.

June 23.

Case stated.

1. Where property is levied upon by an officer which is exempt by statute from execution, without the assent of the defendant, and a delivery bond is given, it is not obligatory, and the chancellor will relieve against it.

2. The execution of a delivery bond, under the coercion of the officer who has made an illegal levy on property, is not a recognition of the right to levy, nor a waiver of the illegality of the levy.

circumstances cannot be regarded as an implied admission that the property was liable for the debt. If the horse had been delivered under the bond, the defendant in the execution might still have objected to the sale, and if a sale had been made, he might have sued the officer, and recovered the value of his horse. The existence of such a right demonstrates that the execution of the bond did not amount to an admission that the property levied on was liable to the execution; and as the defendant failed to deliver the property he thereby virtually claimed its exemption from execution.

To enforce the forfeiture of this forthcoming bond would be unjust and unconscientious, consequently a perpetual injunction against its enforcement should have been ordered by the court below.

Wherefore, the judgment is reversed, and cause remanded, that a judgment may be rendered in conformity with this opinion.

FARROW and PETERS for plaintiff; HARLAN for defendant.